IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CHARLES HENRY SMITH,           )
                               )
         Petitioner,           )
                               )     1:22-cv-357
     v.                        )     1:06-cr-133-1
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )
```

**ORDER**

This matter is before this court for review of the Recommendation and Order ("Recommendation") filed on May 17, 2022, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 173.) The Recommendation was served on the parties to this action on May 17, 2022. (Doc. 174.) Petitioner timely filed objections, (Doc. 175), to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which the objections were made and has made a

de novo determination that is in accord with the Magistrate Judge's Recommendation if the motion is properly construed as a motion pursuant to 28 U.S.C. § 2255. In making this determination, this court specifically agrees with the Magistrate Judge that Petitioner's allegations concerning the terms and conditions of supervised release are matters that should be addressed by way of a motion pursuant to 28 U.S.C. 2255. This court therefore adopts the Recommendation.

Notwithstanding the Magistrate Judge's findings in the Recommendation, this court finds additional analysis is necessary. While the Magistrate Judge found that Petitioner's motion, (Doc. 172), should be construed as a petition pursuant to 28 U.S.C. § 2255, Petitioner's motion is also readily understood as a motion pursuant to 18 U.S.C. § 3583(e). (Doc. 172 at 1 ("Pursuant to: . . . 18 U.S.C. § 3583 et al."); id. at 10 (same).) This court may modify the conditions of supervised release at any time prior to the expiration of the term of supervised release. See 18 U.S.C. § 3583(e)(2). However, this court's power to terminate supervised release is limited to "any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Construing the motion as a request for either termination or modification of supervised release made

- 2 -

pursuant to 18 U.S.C. § 3583, (see Doc. 172 at 11), this court finds the motion should be denied.

First, as a basis for modification or termination, Petitioner presents arguments based on alleged errors committed by the district court at sentencing. (See Doc. 172 at 3.) Because Petitioner is alleging errors by the sentencing court, those errors may be addressed only on direct appeal, see United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003), or as part of a 2255 proceeding, see 28 U.S.C. §§ 2255(a)-(b). Similarly, Petitioner argues that his counsel was ineffective. (See Doc. 172 at 7 ("failure of his attorney . . . for not knowing applicable law").) Petitioner appealed the original judgment, which was affirmed on direct appeal. (Docs. 84, 85.) Petitioner also appealed the order dismissing his first 2255 petition. (Docs. 134, 136.) That appeal was dismissed for failure to make a showing requiring the issuance of a certificate of appealability. (Docs. 146, 147.) Petitioner's allegations of error by the sentencing court and counsel are not an appropriate basis for relief under 18 U.S.C. § 3583, but instead, as found by the Magistrate Judge, should be addressed by way of a second or successive 2255 petition requiring circuit approval. Nevertheless, even if those alleged errors may be considered a basis for relief, they are not persuasive on the facts.

- 3 -

18 U.S.C. § 3583(e) allows a court to modify supervised release after consideration of the factors set forth in in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). See 18 U.S.C. § 3583(e). This court has carefully considered those factors, which include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to protect the public. See 18 U.S.C. § 3553(a). These factors all suggest the conditions of supervised release are sufficient but not greater than necessary.

Petitioner's offense of conviction was a violent robbery, making the nature and circumstances of the offense very serious. (Doc. 176 at 3–5.) Petitioner's criminal history includes felony convictions dating back to 1972, at age 17. (Id. at 7.) Between the ages of 17 and 51, Petitioner's criminal record includes more than 20 felony convictions in New York, California, Florida, and North Carolina. (Id. at 7–17.) A number of the convictions are violent offenses, including assault with a deadly weapon with intent to kill and robbery with a dangerous weapon. (Id. at 17.) Thus, deterrence and protection of the public are factors which readily support the conditions of supervision imposed. In light of the restitution imposed, (see Doc. 67 at 5), this court further finds the financial conditions, including the provision

- 4 -

of financial information to the probation officer and the prohibition of new credit charges without the permission of the probation officer, (see id. at 4), reasonable.

After careful review of Petitioner's motion, the judgment, and the pleadings of record, this court is persuaded the conditions of supervised release imposed should not be terminated or modified and Petitioner's motion should be denied. This court is concerned that additional conditions should be imposed, but the court declines to do so at this time.

**IT IS THEREFORE ORDERED** that Petitioner's "Motion and/or Petition to Correct, Modify or Terminate (Supervised Release)," (Doc. 172), construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

**IT IS FURTHER ORDERED** that this action be filed, and is hereby, **DISMISSED** for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244, as well as Fourth Circuit Local Rule 22(d). Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

**IT IS FURTHER ORDERED** that Petitioner's "Motion and/or Petition to Correct; Modify, or Terminate (Supervised Release),"

(Doc. 172), construed as a motion pursuant to 18 U.S.C. §§ 3582 and 3583, is **DENIED**.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 19th day of April, 2023.

_____
United States District Judge